# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM THOMAS,**

       **Petitioner,**

**v.**　　　　　　　　　　　　　　　　**Civil Action No. 2:11cv57**
　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**KUMA DEBOO, Warden**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.　Procedural Background

On July 28, 2011, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 2, 2011, he paid the required $5.00 filing fee. Accordingly, on August 12, 2011, the Court directed the respondent to show cause why the writ should not issue. On September 1, 2011, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Because the petitioner is proceeding without counsel, the Court issued a Roseboro Notice on September 6, 2011.  The petitioner filed his response on November 10, 2011.

This matter is before the undersigned pursuant to LR PL P2.

### II.　Factual Background

On April 29, 2010, the petitioner was arrested by Cleveland police for drug trafficking.  The petitioner's bond was sent, and he was released on bond that same day. (Dckt.# 12-1, pp.1-3.)  On December 6, 2010, the petitioner pleaded guilty to his state charge and bond was continued. (Id.)

The petitioner was arrested by the U.S. Marshals Service ("USMS") on January 7, 2011, for Violation of Supervised Release, and housed at the Cuyahoga County Jail. On January 10, 2011, the

petitioner was sentenced by the state to a five (5) year term of imprisonment. The state sentence was ordered to run concurrent with his not yet imposed federal sentence. Additionally, the state granted the petitioner credit against his state sentence for the time spent in custody related to the federal charge. (Dckt.# 12-1, p. 6.)

The petitioner was then sentenced in the United States District Court for the Northern District of Ohio on February 8, 201 to twenty-four (24) months of confinement for Violation of Supervised Relief. (Dckt.# 12-1. P. 14.) The petitioner's sentence has been deemed to commence on the date it was imposed. The petitioner received 32 days of prior custody credit for the time period beginning January 7, 2011, the day he was arrested by the USMS for the violation of his supervised release, and ending February 7, 2011, the day before his federal sentence was imposed and commenced. (Dckt.# 12-1, p. 15.) The petitioner's current projected release date, the date he will finish serving his federal sentence via good conduct time, is October 4, 2012. (Id.)

### III. Contentions of the Parties

#### A. Petition

The petitioner asserts that he is being unlawfully detained by the Federal Bureau of Prisons in violation of the principles of comity because the State of Ohio never relinquished custody after he was sentenced in state court. More specifically, the petitioner alleges that there is no record of a habeas corpus proadsequendum [sic] being issued to effect jurisdiction or a return of execution by the federal district courts violating comity. For relief, the petitioner requests that this court remand the case with instructions to vacate the judgment in the district court and have the federal sentence run concurrent with the his state sentence.

**B.**     **The Respondent's Response and Motion**

The respondent argues that the petition should be dismissed, or judgment granted in his

favor, because:

> (1)     the petitioner's assertion that he unlawfully detained by the BOP is without merit;
> and;

> (2)     the petitioner's request to have his judgment vacated or modified is not relief which
> is available in a § 2241 petition.

**C.**     **Petitioner's Response**

For the most part, the petitioner's response to the respondent's motion is merely a reiteration

of the facts outlined in the respondent's motion to dismiss or, in the alternative, for summary

judgment.  The petitioner does cite BOP Program State 5160.05 and notes that "when it has been

determined an inmate was committed improperly to federal custody and primary jurisdiction resides

with a state sovereign..., institution staff through RISA, will make every effort to return the inmate

to state custody." (Dckt.# 17, p 4.)

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion

to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the

complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)

## IV. Analysis

### A. State Relinquishment

The crux of this federal habeas petition revolves around whether the state relinquished primary jurisdiction of the petitioner to federal authorities by illegally turning him "over to the Federal Government on loan for the purpose of deposing of his federal case without the benefit of the courts filing a 'writ of habeas corpus ad prosequendum.'".

"[P]riority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." United States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980). The sovereign that first arrests an individual generally obtains primary jurisdiction. Id. Moreover, primary jurisdiction remains with the first sovereign to obtain a defendant unless it acts affirmatively to relinquish primary jurisdiction. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Such affirmative acts as releasing a defendant on parole, granting him bail, or dismissing pending charges, operate to relinquish primary jurisdiction. Id.

In addition, a state, acting through its executive, may waive the right to primary jurisdiction. Ponzi v. Fessenden, 258 U.S. 254 (1922). Primary jurisdiction may also be effectively relinquished in particular circumstances. See Stephens v. Sabol, 539 F. Supp. 2d 489 (D. Mass. 2008)(defendant taken into federal custody for two months after state erroneously informed federal authorities that defendant's state sentence had expired); Shumate v. United States, 893 F. Supp. 137 (N.D.N.Y. 1995)(state and federal courts negotiated conditional plea agreements allowing defendant to serve state and federal time in federal custody even though state had primary jurisdiction, County Attorney executed "Waiver of Primary Jurisdiction" and both state and federal judgments state that the sentences are to run concurrent).

In this case, the following material facts are not in dispute:

(1) the petitioner was arrested by Cleveland police on April 29, 2010;

(2) the petition was released on bond that same day;

(3) the petitioner pled guilty in state court on December 6, 2010;

(4) following his guilty plea, the petitioner's state bond was continued;

(5) the petitioner was arrested by the U.S. Marshall Service on January 7, 2011 for violation of supervised release and housed in the Cuyahoga County Jail;

(6) the petitioner was sentenced by the state on January 10, 2011 to a five (5) year term of imprisonment to run concurrent with his not yet imposed federal sentence;

(7) the petitioner was sentenced in the U.S. District Court for the Northern District of Ohio on February 8, 2011 to twenty-four (24) months.

Accordingly, the state of Ohio gained primary jurisdiction over the petitioner when he was taken into custody by state authorities on April 29, 2010. However, the state relinquished its primary custody that same day when the petitioner was released on bond. Moreover, when the petitioner appeared in state court on December 6, 2011 to enter his guilty plea and his bond was continued, the state again relinquished any right to claim primary jurisdiction over him. On January 7, 2011, when he was arrested by the USMS for violation of his supervised release, federal authorities gained primary jurisdiction over the petitioner. Because the petitioner has been in federal custody since the date of his arrest by the USMS, primary jurisdiction rests with federal authorities. Therefore, the petitioner's claim that he has been committed improperly to federal custody is without merit.

## B. **Lack of Jurisdiction**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas

corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, to the extent that he seeks to have his judgment vacated, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction. Although the petitioner has not raised the savings clause, per se, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of supervised release remains a criminal offense, and therefore the petitioner cannot

8

satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition in an efforts to have his judgment vacated.

### V.      <u>Recommendation</u>

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dckt. # 11) be **GRANTED**, and the petitioner's § 2241 petition (Dckt.# 1. 1) be **DENIED and DISMISSED WITH PREJUDICE** from the active docket of this court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and to counsel of record via electronic means.

**DATED**: February 8, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE